IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


| | | |
|---|---|---|
| TERRY WAYNE CASTLEBERRY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0183 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |


**REPORT AND RECOMMENDATION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS
AS TIME-BARRED PURSUANT TO 28 U.S.C. § 2244(d)**

On July 17, 2006[1], petitioner TERRY WAYNE CASTLEBERRY filed a Petition for a

Writ of Habeas Corpus by a Person in State Custody wherein he challenges the January 30, 2003

revocation of his parole.  For the reasons hereinafter set forth, it is the recommendation of the

undersigned United States Magistrate Judge that said petition is time barred and should be

dismissed.


I.
PROCEDURAL HISTORY

In his habeas application, petitioner advises that in September of 1993, he was convicted,

after pleading guilty, of the felony offense of burglary of a habitation out of the 251st Judicial

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed
filed when he delivers the petition to prison officials for mailing to the district court).

District Court of Potter County, Texas, and assessed a twenty-five (25) year sentence.  Petitioner

has advised he did not appeal his conviction and sentence to the appropriate state appellate court.

Petitioner appears to aver that he filed a state habeas application with the state trial court

in January of 2006 and that such state writ application was denied January 18, 2006.

In this application, petitioner appears to allege his parole revocation violated the

Constitution and/or laws of the United States because:

> Petitioner was denied due process because he waived his revocation
> hearing under duress.

## I.
## AEDPA LIMITATIONS PERIOD

Pursuant to 28 U.S.C. § 2244(d)(1), effective April 24, 1996, a one-year limitation period

applies to applications for writs of habeas corpus by persons in custody pursuant to a state court

judgment.  Petitioner's parole revocation, herein challenged, occurred after the effective date of

the statute.  Consequently, the limitation period applies in this case.  Petitioner thus had one-year

from the date of revocation, subject to any applicable tolling, to file a federal habeas petition

challenging his parole revocation.

The limitations period set forth in 28 U.S.C. § 2244(d)(1), which was added by the Anti-

Terrorism and Effective Death Penalty Act of 1996, (hereinafter AEDPA) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of –
>
> (A)    the date on which the judgment became final by the conclusion of direct
>        review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State
>        action in violation of the Constitution or laws of the United States is

removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one year period commenced when petitioner was aware of, or when with due diligence should have been aware of, the predicate facts of the claims presented. *LaFonso v. Cockrell*, No. CIV.A3:02-2259-G, 2003 WL 22080720, at *3 (N.D.Tex. March 10, 2003). The very latest such date would be January 30, 2003, the date the Board of Pardons and Paroles revoked petitioner's probation. Consequently, petitioner had one year from that date, or until January 30, 2004, in which to file his federal habeas petition. While it is true petitioner would be entitled to tolling for any pending state habeas petition filed during the one year limitations period, as stated *supra*, petitioner did not file his state habeas petition until January of 2006. Therefore, petitioner is entitled to no tolling.

For the above reasons, the undersigned Magistrate Judge finds petitioner's federal habeas corpus application is time barred and should be dismissed.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United

States District Judge that the petition for writ of habeas corpus filed by petitioner TERRY

WAYNE CASTLEBERRY be DISMISSED as time barred under 28 U.S.C. § 2244(d)(1).


### III.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 7th day of August 2006.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).